IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ELPIDIO B. AVILEZ | § | |
| VS. | § | CIVIL ACTION NO. 4:04cv451 |
| DOUG DRETKE | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Elpidio B. Avilez, an inmate confined at the Estelle Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

### The Objections

Petitioner objects to the Magistrate Judge's calculation of the limitations period, asserting that the court failed to properly

toll the limitations period based on the facts of his case. Petitioner claims he should be allowed tolling for the time period from February 20, 2002 through June 20, 2002, a period during which he claims a state impediment prevented him from timely seeking further direct review. In support of his claim for tolling, Petitioner asserts that neither appellate counsel nor the court of appeals clerk provided him notice of the affirmance of his conviction; thus, he was prevented from timely seeking a petition for discretionary review. Petitioner claims he was notified of the appellate court's decision by Staff Counsel for Inmates on June 20, 2002.

Additionally, Petitioner claims the limitations period should be tolled for the time during which his out-of-time petition for discretionary review was pending with the Texas Court of Criminal Appeals. Petitioner relies on the holding in *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004).

Further, Petitioner asserts that the court should apply equitable and statutory tolling for the time period from February 20, 2002 through December 8, 2003. Petitioner argues that the limitations period should be tolled for the 90 day period during which he could have filed a petition for writ of certiorari to the Supreme Court and for the time during which his second state application for writ of habeas corpus was pending, March 1, 2004 through September 15, 2004.

2

Analysis

After careful consideration, the court concludes Petitioner's objections should be overruled. As the Magistrate Judge correctly observed, a one-year statute of limitations exists for petitioners filing a habeas corpus petition seeking relief from a state court conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Fifth Circuit has declined to extend the mailbox rule to the determination of filing dates for state habeas applications. *Coleman v. Johnson*, 184 F.3d 398, 402

(5th Cir. 1999). Thus, the limitations period is not tolled for the time between the date the prisoner submitted his state application to prison officials and the date the application was stamped as filed.

The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Here, Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations.

Following the Report recommending dismissal, Petitioner has provided more information and documentation regarding the procedural history of his case. Therefore, the court will restate

the procedural history of Petitioner's case to incorporate the additional information provided by Petitioner.

Petitioner was convicted on September 22, 2000. Petitioner's conviction and sentence were affirmed by the Fifth District Court of Appeals on February 20, 2002. Petitioner admits he did not file a petition for discretionary review at that time. Accordingly, Petitioner's conviction became final on March 22, 2002.[1] Therefore, the one-year period of limitations expired on March 22, 2003, absent any tolling.

Petitioner contends he was not made aware of the appellate court's decision until June 20, 2002 when he was informed of the decision by Staff Counsel for Inmates. Petitioner claims that the failure of appellate counsel and the court of appeals clerk to provide him with notice that his conviction had been affirmed prevented him from timely seeking further direct review, thus constituting a "State created impediment" within the meaning of § 2244(d)(1)(B). Petitioner relies on Texas Rule of Appellate Procedure 48.1, claiming that it was mandatory that the clerk send Petitioner notice of the affirmance of his conviction. Rule 48.1 provides the following:

> On the date when an appellate court's opinion is handed down, the appellate clerk must mail or deliver copies of the opinion and judgment to the following persons:
> (a) the trial judge;
> (b) the trial court clerk;

---

[1] If the petitioner files a direct appeal, but not a petition for discretionary review, the conviction becomes final 30 days after the judgment of the court of appeals is rendered. See TEX. R. APP. P. 68.2(a)(1999) ("the petition [for discretionary review] must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.")

    (c) the regional administrative judge; and
    (d) all parties to the appeal.

While Petitioner contends he did not receive notice, there is no indication counsel was not provided notice by the Clerk. Equitable tolling is reserved for situations "where the plaintiff is actively misled by the defendant ... or is prevented in some extraordinary way from asserting his rights." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000) (citing *Coleman*, 184 F.3d at 403). Mere attorney error or neglect is not an exceptional circumstance that warrants equitable tolling. *Cousin*, 310 F.3d at 849.

Further, the alleged lack of notification in this case did not prevent Petitioner from timely filing his federal habeas corpus petition. In fact, when Petitioner acknowledges he received notice, June 20, 2002, almost nine months remained in the limitations period.

Finally, Petitioner did not diligently pursue his claims following notification that his conviction had been affirmed, waiting almost six months before filing his first state application for writ of habeas corpus seeking leave to file an out-of-time petition for discretionary review. Petitioner then waited more than fourteen additional months before filing this petition.[2]

---

[2] While Petitioner's second state application for writ of habeas corpus does not serve to toll limitations in this instance, Petitioner waited almost six months from the time his petition for discretionary review was refused until he filed his second state application. Additionally, Petitioner waited almost two months after his second application was denied before he filed this petition.

6

Accordingly, Petitioner is not entitled to equitable tolling on this ground.

Petitioner also seeks tolling of the limitations period for the time during which his first state application for writ of habeas corpus was pending and the time from when he was granted permission to file an out-of-time PDR until his PDR was refused by the Texas Court of Criminal Appeals.

The Fifth Circuit recently held that in Texas the procedures for seeking an out-of-time petition for discretionary review (PDR) is part of the state habeas review process, not the direct appeal review process. *Salinas v. Dretke*, 354 F.3d 425, 430-431 (5th Cir.2004). As a result, the granting of an out-of-time PDR "does not require a federal court to restart the running of AEDPA's limitations period altogether." *Id.* at 430. Rather, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief." *Id.*

Like the prisoner in *Salinas*, Petitioner was granted an out-of-time PDR as a result of a state habeas proceeding. Therefore, the AEDPA statute of limitations started to run on the date his conviction became final, March 22, 2002, with tolling from the time his state application was filed until the Court of Criminal Appeals declined to grant further relief.

In this case, Petitioner did not file his first state application for writ of habeas corpus until December 9, 2002; thus,

262 days had elapsed from the time the limitations period started. The Court of Criminal Appeals granted Petitioner permission to file an out-of-time petition for discretionary review on March 26, 2003. Therefore, the limitations period should be tolled for the period during which the state application for writ of habeas corpus was pending, 107 days. Further, the limitations period is tolled for the period of time from when Petitioner acquired the right to file an out-of-time PDR, March 26, 2003, until the Court of Criminal Appeals declined to grant further relief on September 3, 2003, 161 days. Thus, the limitations period was tolled for a period of 268 days. Accordingly, the one-year limitations period expired on December 15, 2003, absent any additional tolling.

Further, Petitioner argues that limitations should be tolled for an additional 90 days during which he could have filed a petition for writ of certiorari to the Supreme Court following the refusal of his out-of-time petition for discretionary review by the Texas Court of Criminal Appeals. However, because an out-of-time PDR is part of the state habeas review process and not the direct appeal review process, limitations is tolled only "until the date on which the Court of Criminal Appeals declines to grant further relief." *Salinas*, 354 F.3d at 430-431. Thus, Petitioner is not entitled to equitable tolling on this ground. Accordingly, Petitioner's one-year period of limitations expired on December 15, 2003. Because, Petitioner's second state application for writ of habeas corpus, filed on February 27, 2004, was filed after the expiration of the limitations period, the state application did not

serve to toll limitations. As a result, this petition for writ of habeas corpus, filed November 30, 2004, is barred by the applicable period of limitations. Therefore, the petition is barred by limitations.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 20th day of June, 2005.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE