IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ELPIDIO B. AVILEZ, #1011021 | § | |
| VS. | § | CIVIL ACTION NO. 4:04cv451 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner filed a motion for relief from judgment. A review of the history of this case reveals that, on June 21, 2005, this case was dismissed as time-barred. On December 21, 2007, the Fifth Circuit Court of Appeals denied Petitioner's motion for certificate of appealability. On April 7, 2011, this Court denied Petitioner's first motion for relief from judgment pursuant to Rule 60(b).

In the instant motion (docket entry #28), Petitioner again asks that the Court grant relief from judgment. Petitioner's § 2254 petition was denied because it was not timely filed. He now argues that the judgment is void, relying on the holding of *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed.2d 475 (2009). In *Jimenez*, the Court held that direct review is not concluded until the availability of a direct appeal is exhausted. *Id*. 129 S. Ct. at 686. More specifically, when determining time limitations, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review must reflect the conclusion of an out-of-time direct appeal or the expiration of the time for seeking review of that appeal. *Id*. at 686-87. Essentially, *Jimenez* stands for the proposition that when a petitioner is granted an out-of-time appeal, the pendency of his direct appeal is restored – thus extending the

Case 4:04-cv-00451-RAS -DDB   Document 29   Filed 03/30/12   Page 2 of 2 PageID #: 180

limitations period. However, *Jimenez* was decided after Petitioner's case had been dismissed as time-barred, and he has not shown, nor has this Court found, that *Jimenez* is to be applied retroactively. Furthermore, the Fifth Circuit has repeatedly held that the new method of calculating the limitations period announced in *Jimenez* is not the kind of extraordinary circumstance that warrants relief under Rule 60(b). *See, e.g., Hernandez v. Thaler*, 630 F.3d 420, 422 (5th Cir. 2011). It is accordingly

ORDERED that Petitioner's motion for relief from judgment (docket entry #28) is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this the 29th day of March, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

2